UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

MICHAEL FOWLER, AKA
MICHAEL W. SMITH

Criminal   Indictment
No.#05-10145-NG

*[handwritten: F. in open Ct 10/19/05]*

*[left margin handwritten: 10/19/05 Deferred - see pending Resolution of J. Tauro case.]*

DEFENDANTS MOTION FOR
SPEEDY TRIAL
AND MOTION THAT "RULE 20" IS INAPPLICABLE, RATHER RULE 21 GOVERNS.

1. The defendant, herein, the entitled matter, moves to perserve his SPEEDY TRIAL ACT (18 USCA §3161(a)) rights, as being applicable despite the fact that the defendant was transfered from the one jurisdiction to another district; and

2. The defendant was transfered on (June 16, 2005) per Fed.R.Crim.P.Rule 20, from the district of (Maine), to the district of (Massachusetts), eventhough the defendant, prior to the Courts (June 10, 2005) ORDER to transfer. The defendant was contesting the fact that a 'rule 20' was not the appropriate vehicle to transfer the case, the district of (Massachusetts), as the defendant was not "Arrested", nor "Held" or "Present" -- in a district different from that in which the indictment is pending. Here, as the defendant was "Present and Held" in-custody under indictment in the district of (Maine,#04-09-BW), since on/about (Febraury 27, 2004) intil (June 16, 2005), when he was transfered to the district of (Massachusetts), a subsequent indictment (D.Mass.#04-10308-JLT.) which is related to (D.Me.#04-09-BW.), which are of the same facts, evidence, government agent(s), are the similiar allegations hereto this entitled matter; and

3. Under the SPEEDY TRIAL ACT (18 §3161(a)), the time during which a criminal matter is continued to consider a plea disposition is excluded in calculating the time limitations under the Speedy Trial Act.. see U.S. V. JERVEY, 630 F.Supp.695, 697(SDNY, 1986); the Fifth and Sixth Amendt.U.S. Constitution and the Bill of Rights, which are applicable to Speedy Trial Act (18 §§3161-3174(2000)); Fed.R.Crim.P.Rule 50(b), requiring the district court to prepare plans for prompt disposition of criminal cases, see BARKER V. WINGO, 407 US 514, 530(1972), and US V. TRUEBER, 238 F.3d.1226(1st.Cir.2001).

-1-

6. The defendant, further argues, and 'asserts', that the 'Rule 20', is not valid for the purposes and the intent of the 'Rule 20', as the defendant has previuosly filed Motion in the district of (Maine) as (Docket No.103,#04-09-BW), filed on (May 17,2005) with the 'Clerk of Court', entered on the docket (May 18,2005), as (Dkt.Paper No.103), which now is 'Toto Nul and Void' as to both 'consents' dated on (June 18 & 19,2005), while the defendant was 'Held' in the district of (Maine).

This document creates ambiguity in relation to the 'consent to transfer in Rule 20', by invalidating the consent form submitted on (June 19,2005), as signed by the defendant on that day, however, prior to this date the defendant had submitted a Motion for A Rule 21 Transfer, rather a Rule 20, ect..see (D.Me.#04-09-BW,Dkt.No.103) a eight (8) page 'Motion', dated (May 10,2005) recieved by the Court Clerk, as FILED on (May 17,2005) as STAMPED, and ENTERED on (May 18,2005) by the Clerk...This 'Motion' was not acted upon by the Court at that time, rather refers to the 'Status Conference' (Dkt.Paper No.105) dated (May 18,2005), this 'Status Conference' was rather scheduled for (May 20,2005) which was not held due to the signing the 'consent form' (Rule 20) on (May 18,2005), however the day before the court had FILED/RECEIVED his 'RULE 21' motion (Dkt.No.103), also five (5) other document(s) were FILED before the Court, see 'ORDER ON MOTIONS' dated (June 6,2005) as (Dkt.No.112) and as ENTERED the same date..I note that on (May 31,2005.,Dkt.No.111) was RECEIVED/FILED by the Court, though not actually ENTERED til (June 6,2005)...The purpose of the Courts ORDER on (June 6,2005.,Dkt.No.112) was to DETERMINE if the Court still had VENUE TO HEAR THE FILED and ENTERED MOTION(s), as the case was in some 'Rule 20' [LIMBO]..The Court had determined that it indeed still had VENUE as of (June 6,2005)..

The Court did not (ACT) on a resolution of (Dkt.Paper No.103 & 111) FILED as RECEIVED on (05/17/2005 and 05/31/2005) respectively, rather the Court only (ACTED) to ENTER and acknowledge the document(s) FILED by the defendant, and subsequently made ORDER to TRANSFER THE CASE/VENUE to the district of (Massachusetts), dated ORDER (06/10/2005) OF COMMITMENT as ENTERED same date. THEREFORE, the (Dkt.Paper No.111,FILED,on 05/31/05 @11:50am) effectively places doubt upon the 'Rule 20-Consent to Transfer' validity as dated (05/18-19/2005), specifically see (paragraph no.11,pg.3,and para.12-14,pg.4..) therein has re-newed his claim(s), motion (Dkt.Paper No.103,dated 05/17/05, as ENTERED 05/18/05..)

-3-

6. (Continued): The defendant claims,asserts,that since 'doubt' has been placed upon the 'Rule 20 Consent' by the defendant's revocation of the consent (i.e. toto nul-voided),and the Courts determination that the Court still had proper 'Venue',the Court should have had 'held' a hearing to ascertain the validness of the 'Rule 20' consent to transfer,ect..rather the court has left that issue un-resolved before the court,prior to the district of (Maine) had TRANSFERED VENUE to the district of (Massachusetts) on (06/10/2005),effectively the district of (Maine) has also waived its right to hear and to act upon this issue,by rather deferring by way of the transfer of proper venue to the district of (Massachusetts) on (06/10/2005).

The defendant argues that since venue has been transfered along with all un-resolved issues that were before the district court of (Maine),are in the 'Venue' of the district of (Massachusetts) for this Court to resolve.

The defendant,further,argues,claims that the district of (Maine) has actually converted the 'Rule 20',to actaully a 'Rule 21' ,and had transfered the venue thereof,to the district of (Massachusetts),thus not leaving the district of (Massachusetts) without 'VENUE' per the direction of a 'Rule 20 (a)' transfer,ect.. Specially,while that 'Rule 20' provisions are not availible at any point in a prosecution,nor is it availible to the defendant at any time...The rule is clear in its 'HISTORY' and 'PURPOSES',that the rule is to be limited to the bounds of 'Rule 5,et seq.',regarding the 'INITIAL APPEARANCE' of the defendant before the Court after arrest,ect..

This 'Rule 5 & 5.1 et seq.',are applicable for the defendants initial appearance before the court on an 'Arrest Warrant',issued in the district of (Maine) specifically on filing of a 'CRIMINAL COMPLAINT' under Rule 4 and the issueance of an arrest warrant for the named defendant in the criminal complaint,than 'Rule 5' come into play. With the defendant here,this period runs on (Janaury 16th,2004) upon the issuance of the criminal complaint in the district of (Maine),and subsequent arrest by the (Primary Investigator-A.T.F.Agent,Oppenheim) on (Janaury 22,2004) in the district of (Massachusetts),and the 'INITIAL APPEARANCE' under 'Rule 5 & 5.1'..

Page 5,(Continued):

6. (Continued),from page 4:

The defendant appeared in the district court of (Massachusetts) at Boston,on the (<u>Friday,January 23,2004</u>) before Magistrate Judge Robert Collings,an a (WARRANT) issued on a (CRIMINAL COMPLAINT) from the district of (<u>Maine</u>),issued on (<u>January 16,2004</u>) by Magistrate Judge Margaret J.Kravchuk,then sitting in Bangor,Maine. (Mag.Case No.#04-09)

So,theoretically,in a '<u>Rule 20(a)</u>' case,the case of the district of Maine (<u>Transferror District Court</u>),could not be 'transfered' to the district of Massachusetts (<u>Transferee District Court</u>),because,the defendant is,'<u>Not Held</u>' (body being present in the district),nor '<u>Arrested</u>' (under arrest,prior to the initial appearance in rule 5 et seq.),nor is the defendant '<u>Present</u>' (as a defendant is present in a district,but not arrested,to transfer to that district than be transfered to some other district,i.e.Rule 5 & 20 et seq.) in the district of Massachusetts,rather,the defendant is,and [was,'Held'] in the district of Maine (#<u>04-09-Mag.Judge MJK</u>) dated (01/16/04),and was <u>Indicted in the District of Maine on (02/11/04,D.Me.#04-09-BW</u>),as already mentioned herein,the defendant was arrested in the (District of Massachusetts,on 01/22/04),and brought before the Court in the same district,as consistent to a '<u>Rule 5 et seq.</u>' provisions that govern said initial appearances,ect...; Now on (September 27,2004),a Criminal Complaint was issued in the (Dist.of Mass.),by Magistrate Judge Robert Collings,Case No.#2004-M-0479-RBC.),the (Massachusetts) Complaint and Indictment returned on (September 29,2004) substantially mirror [<u>Duplicate Prosecution</u>] of the case initiated in the (District of Maine) back on Complaint (01/16/2004),and subsequent Indictment returned on (02/11/2004),the <u>latest 'Indictment' (#04-10308-JLT.</u>) places the defendant in <u>JEOPARDY,if not actual DOUBLE JEOPARDY</u> by the second multipliciuos,by way of '<u>stacking</u>' the exposed charges the defendant is subject too in possible penalties upon conviction,ect..

7.

The defendant,argues,that the PERIOD from (01/16/04) and the eventual arrest in the district of Massachusetts,on a warrant issued from Maine,and the future transfer of the defendant to another district would be so GOVERNED by RULE 5 & 5.1 et seq.,Rather than the Rule 40,as the current docket indicates for such transfer proceedings in the district of Massachusetts, to (02/27/2004) the date,on about the defendants transfer,to the district of Maine,soley on ONE (1) CRIMINAL COMPLAINT (Mag.No.04-M-09-MJK.) and on (Indictment #04-09-BW.) consisting of two (2) counts.

Page 6.

7(a). The [Rule 40] provision is limited in applicability,and does not apply to the defendant herein,this entitled matter,specifically,as FED.CRIM.R.PROC.RULE 40: ARREST FOR FAILURE TO APPEAR IN ANOTHER DISTRICT: Rule 40(a):'If a person is arrested under a warrant issued in another district for failing to appear--as required by the terms of that persons release under (18 USCA §§3141-3156) or by subpeona--the person must be taken without unnecessarry delay before a Magistrate Judge in the district of arrest'.; Rule 40(b): 'Proceedings',Judge must proceed under Rule 5(c)(3) as applicable.'; Rule 40(c): 'Release or Detention Order',ect....

In the case of the defendant here,he is not a person that was previuosly released upon a 'Bail' with conditions,or otherwise....THEREFORE,Rule 40 applicablity to the defendant,does not exist...as Rule 5 shall GOVERN,and it's clear that the Criminal Docket Sheet(s) in (Maine.Dist.#04-09-BW.) and now as here,as TRANSFERED VENUE to the district of (Massachusetts) in Docket Number (Mass.D.#05-10145-NG),that the 'Reflection' of Rule 40,upon the docket is of 'ERROR',and correction by this Court should be so made and ORDERED,to reflect the proper application of the 'Rule 5 et seq.',inrespect to the initial appearance before this Court on (01/23/2004).

7(b).  I look to 'Rule 5' applicability now;and
Fed.R.Crim.P.Rule 5(c)(3)(A-D),(i-ii),(E):

    (c)(3): Procedures in a District other than Where the Offense Was Alledgedly Committed: if the initial appearance occur in a district other than where the offense was alledgedly committed,the following procedures apply:(a) the magistrate must inform the defendant about the provisions of 'Rule 20'; (c)(3)(B): if the defendant was arrested without a warrant,the district court where the offense was alledgedly committed must first issue a warrant before the magistrate transfers the defendant to that district; and,(c)(3)(C): the maigistrate must conduct preliminary hearing if required by Rule 5.1,or rule 58(b)(2)(G); and,(c)(3)(D): the magistrate must transfer the defendant to the district where the offense was allegedly committed if: (i) the government produces the warrant,a certified copy of the warrant,a facsmile of either;and (ii),the judge finds that the defendant is the same person named in the indictment,information,or warrant;and (c)(3)(E), when the defendant is transfered and discharged,the clerk
(Continued,to page 7.)

Page 7,Continued from pg.6.:

-must promptly transmit the papers and the bail to the clerk in the district where the offense was allegedly committed.;and

7(c). The defendant also cites the Massachusetts Local Civil Rule 40.2(c)--'Primacy of the Speedy Trial Plan,qoutes-(the speedy trial plan shall control);
7(d). And,cites Mass.Crim.Local Rule 112.2,--(Excludable Delay Pursuant to the Speedy Trial Act of 1974 (18 §§3152-56 and 3161-3174).;and
7(e). the defendant cites Fed.R.Crim.P.,Rule 50: as,'scheduling preferences must be given to criminal proceedings as far as practicable. Todays,current Rule 50,goes beyond this plain understanding,as worded since the 'stylistic' changes in 2002. In 1972,rule 50 was amended by adding subdivision 50(b),and in 1976,rule 50(b) was adopted to replace the provision that had been adopted in 1972. subdivision (b) 'Plan' was for 'achieving prompt disposition of criminal cases',to minimize undue delay and to further the prompt disposition of criminal cases,ect...This preference is necessary to protect the defendants constitutional rights to a speedy trial. As the late Justice Frankfurter,observed,a'general leaden-footedness'of criminal prosecutions',see in cf.Ward v. US,76 S.Ct.1063,at 1066-67,1 Led.2d.25(1956) qouted-at 1066,'Noting,it has disturbed me more during my years on court than the time span,in so many cases that come here,between the date of indictment and the final appellate disposition of a conviction,such untoward delays seem to me inimical to the fair and effective administration of the 'Criminal Law'',as to the 'preference',similair in Crim.R.39(d);Appellate R.45(b);Civil Rule 40 and 78. Also see in Greene V. US,296 F2d.841,(CA.9,1961) vacated as non-appealable,82 S.Ct.852,369 US 403,7 LEd.2d.841(1962).

This is reflected by Congress,see e.g..116 Cong.Rec. S.7291-97(daily ed.May 18,1970)(remarks of U.S.Senator Ervin),Bills have been introduced fixing specific time limits..see S.3936,H.R. 14822,H.R. 15888,91st.Cong.,2d.Sess.1970.(thus,preventing undue delay in the administration of the criminal justice has become an object of increasing intrest and concern),and see Senator Ervin's concerns at S.7291-97(daily ed.May 18,1970)(remarks of Senator Ervin)..i.e...(prompt disposition of criminal cases may provide an alternative to the pretrial detention of potentially dangerous defendants,and which the defendant is held in pretrial detention would ensure that the deprivation of 'liberty' prior to the

-7-

(Continued):

Page 8.

-- conviction would minimized.) Further,rule 50,did not give the district court any power that they did not already possess either under Common Law or under title (28 USCA §2071),but simply mandated that such powers execercised to achieve a specific goal,as in US.V Fury,514 F2d.1098(CA.2d.1975).   THOUGH,in the 2002 Committee Note's,at n.12,cf.chapter 11,rule 50,§831,FED.PRAC.& PROC.,Wright,Klien & King,Vol.3B,2004 ed. (states,that in light of the S.T.A. of 1974,rule 50(b) was no longer necessarry..) However,the 1976 'amendment' says,rule 50(b) takes account of the enactment of the S.T.A. of 1974 (18 §§3152-3156 and §§3161-3174),and the Local Rule adopted in a district thereof will supplant the plan under the rule 50(b). Thus,Rule 50,is governed by the "SPEEDY TRIAL ACT of 1974 (18 §§3152-3156 and §§3161-3174)." And the great concerns of the dear U.S.Senator Ervin,are even more important today than ever before. As it is said in Powell V. Alabama,53 S.Ct.55,60,287 US 45,59,77 LEd. 158(1932),'great and inexcusable delay',and'grave evils of our time',said the prompt disposition of criminal cases is to be commended and encouraged'...;A.B.A. Standard of Crim.Justice,2d.ed.,§12-1.3(1980).    We further,understand that Congress was not satisfied with rule 50 plans,especially because of there lack of uniformity..see H.R.Rep.No.93-1508,93d.Cong.2d.Sess.,reprinted in 1974. U.S.Code Cong. & Admin.News,7401,7406. As a result of that dissatisfaction,Congress enacted the S.T.A. of 1974...see in U.S. V. Strand,566 F2d.530,532(CA.5,1978).

Page 9.
(Continued:)

— The S.T.A. (Speedy Trial Act of 1974) was passed at least partly because Congress was 'dissatisfied' with the U.S. Supreme Court's decision in [Barker v. Wingo 92 S.Ct. 2128, 2187, 40 US 514, 521, 33 L.Ed.2d. 101 (1972)] Congress devised a scheme to circumvent the Barker opinion and put teeth into the S.T.A. guarantee.

The scheme operates like a Statute of limitations (i.e... 18 USCA §§ 3152-3156 and §§ 3161-3174). The guarantee is violated if the prosecution oversteps the time limits of the 'act'. Under the S.T.A. there is no need to measure prejudices to the defendant.; Cf. U.S. v. Mehrmanesh, 652 F.2d. 766, 769 (CA.9, 1981). And, in Nixon v. Administrator of General Services, 433 US 425, 443, 97 S.Ct. 2777, 2790, 53 L.Ed.2d. 867 (1977); the 'act' is constitutional both on its face and as applied.

### CONCLUSION

8. The defendant, further, note(s), that Fed. Crim. R. Proc. Rule 20; is as applied to the defendant is nothing 'short' of a 'Forum Shopping', by the Dept. of Justice; and — —

The defendant note(s) the following,as his understanding of Fed.R.Crim.Procedures,Rule 20(b):

<u>Rule 20(a)</u>: 'Provides procedures for cases in which there is an indictment or information pending at the time the defendant is arrested.'
<u>Rule 20(b)</u>: 'This governs,if there is no indictment or information pending,and he is arrested upon a warrant issued on a complaint in another district,then the Rule 20(b) shall govern'..
'PRESENT',<u>defined</u>: 'In a Rule 20 world,as adopted in 1975,a transfer is availible to 'one' who was "present" in a district though not "arrested" or "held" there'...
'FORUM SHOPPING': The 'Rule 20,Advisory Committe Notes,has made the notation that (the danger of forum shopping can be controlled by the requirement )that 'both' United States Attorney(s) in each district,agree to the handling of the case under the provisions of this rule'... In respect to the defendant (FOWLER) with the prosecution in the district of (Maine),then a nine (9) month delay in the second indictment in the district of (Massachusetts) which contain the same allegations of unlawful activitie(s) of the defendant,ect...Now inlight of the June 18th,2004 'opinions' in the cases from the district of (Maine) refering to (<u>U.S. v.FANFAN,D.Me.2004</u>) which was appealed to the U.S.Supreme Court,as the sentencing allegations were now in legal doubt,and did not look likely to survive challenge,ect...And,further with the case of (<u>U.S. v.BOOKER,2004.</u>),ect...It had seemed to be doomed,indeed. In September (2004) the district of (Massachusetts) had brought a,what the defendant here,will call 'forum shopping',as it was possible prior to the "doubt" placed upon the use of uncharged conduct within the (P.S.I.Report) prepared by the Courts own 'Probation Department',as prior to (JUNE,2004),the governmment could have brought successfully prosecuted the defendant by such draconian sentencing method(s) at some lessor standard of proof by way of '<u>Preponderance Of The Evidence</u>'... The defendant claims that the 'government' would have not prior to (June,2004) have gone too the expense of a dual-duplicate identical prosecution(s) in two (2) different district(s)
 as the defendant has several letter(s) from the United States Attorney in (Maine) detailing that the district of (Massachusetts) was '<u>Ultimately Driving The Train</u>',leading the assumption that (Maine) has,and is,'conspiring' with the district of (Massachusetts) in the prosecution in two (2) different judicial district(s),as we have present case here.

Ultimately,the United States Attorney,chose to conduct it's self-out-to-a-forum-shopping,ect...by choosing to proceed to prosecute in the district of (Massachusetts),after the results of,and events of (June,2004,with <u>BOOKER/FANFAN</u> cases),ect... Would it not appear this way as 'forum shopping' by the government,rather than by the defendant,as this concern was addressed in the Rule 20 Advisory Committee Notes,to illeminate this possibility by the 'built-in' check valve of requiring that 'both' government attorneys approve a rule 20 ???

9. The defendant, seeks, the 'Court' find that of the following:

   A) Violation of the Speedy Trial Act of 1974 ('18 USCA §§ 3152-56 and §§ 3161-3174), and that appropriate relief be ORDERED; and

   B) Find that the Defendant's Consent per Rule 20, has been revoked on (05/31/05, DKT.No.#111), and has not been acted upon prior to the Transfer of Venue; and

   C) Find that, this Court has proper Venue, to 'rule' on this matter; and

   D) Find that, the defendant's motion filed on (05/17/05, DKT.No.#103) in-respect that Rule 21 is applicable over a Rule 20 Transfer of Venue, and ORDER, TRIAL IN THIS COURT, and

   E) Find that, the 'Court', not did assigned Counsel advise defendant of the available provisions of Rule 5 and 50 et seq., that on (01/23/04) appearance in 'this Court', the defendant could have, Transfered,

-11-

E). (Continued):
- the (Maine, Complaint # 04-09-MJK) to the District of Massachusetts, to which it would have been before this assigned Court Judge Nancy Gertner, as such. Such failure to inform, amounts to 'error' of the Court, and ineffective Counsel to Counsel the defendant on this matter.; and

F) Find that, the defendants waiver in Rule 5 and under 5.1 et seq., by obtaining the defendants 'Consent' to be transfered to (Maine) is involuntary and unintelligent, as defendant was not informed, and by promises and assurances by the government that the defendant would be released upon bail upon the initial appearance in (Maine) once transfered.

The defendant, asserts, that he was the only reliable person to care for his 84 year old adoptive mother, whom has serious medical conditions needed her son to care for her health, as he has done for nearly a year, by removal of (Mary Chase) for horid condition under the care of (Mary's) biological son (Zane Chase, of Beverly, Mass.).

Subsequently, the defendant was assured

-12-

— that he would be released on bail.

The defendant, declares, that he has domiciled resident of the State of Maine and remains there between (5-6) nights each week between travels to Massachusetts to retrieve (Mary Chase) weekly, to return to Maine, in Waterboro, of York County.

(Mary Chase) has passed merely four (4) days after, I was not given bail. The government agents withheld this information from the defendant and Counsel (in Maine) for many months, preventing the defendant to be present at the funeral.

This is the primary reason the defendant wanted bail at the time, for (Mary's) health, as she has said numerious times, that her time here, is over, and only remains for me, as Mary was my love as a mother, and more as a best friend which could never be replaced, as I cannot put no value on morality of doing what's right. The government knew of my relationship with Mary Zakas-Chase of Salem, and Beverly, Massachusetts, though, they had totally disarded her life, to prosecute me, and deceptively deny bail, with false promises, ect.

The defendant prays, that, the Court, takes this "Motion" under advisement for its ORDER hereto.

Date: October 19, 2005.

/s/.
MICHAEL FOWLER
MICHAEL SMITH, Pro Se

### CERTIFICATE OF SERVICE

I, have made service upon the government AUSA, Connolly, by hand, via Stand by Counsel, Watkins, AFD. Service made this day, and so delivered to the Clerk's office for filing. HERETO, is True, correct and Complete.

Date of Service: 10/19/2005.

page 14 - of 14.

/s/ MICHAEL FOWLER
MICHAEL SMITH, Pro Se

Defendants Mail Address:
To: MICHAEL FOWLER
ECCF, 2400-B14
PO Box 807, #0018192
Middleton, Mass
01949-2807

-14-